UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Radciffe Bancroft Lewis,<br><br>  Plaintiff,<br><br>v.<br><br>District of Columbia Court of Appeals *et al.*,<br><br>  Defendants. | Case: 1:16-cv-02512   (F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 12/23/2016<br>Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of a case "at any time" the court determines that the complaint is (1) frivolous, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against an immune defendant. Although this action is subject to dismissal on all three grounds, the latter is most appropriate.

Plaintiff sues the D.C. Court of Appeals ("DCCA") and three judges of that court for defamation and "willful and intentional neglect." The claims are based on court orders, attached to the complaint, which found plaintiff to be a "patient" and a "fugitive." Compl. at 4. Plaintiff demands money damages exceeding $7 million. *See id.*

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless [the] actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citation

omitted). Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

It is without question that the challenged actions involved judicial functions over which the DCCA had jurisdiction. Therefore, the individual defendants enjoy absolute immunity. As for any claims against the DCCA, this court lacks jurisdiction to review the decisions of a state court. *See Calderon v. Brown*, --- Fed. Appx. ---, 2016 WL 4098814, at *1 (D.C. Cir. July 26, 2016) (per curiam) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). A separate order of dismissal accompanies this Memorandum Opinion.

DATE: December 22, 2016

_____
United States District Judge